ELECTRONICALLY FILED
2020 Sep 16 PM 2:29
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000549

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

SHARON SANDIN,

      Plaintiff,

                                       Case No. _____

vs.

KANSAS CITY, KANSAS
USD NO. 500,

      Defendant.

### PETITION FOR DAMAGES

Plaintiff Sharon Sandin ("Sandin"), for her Petition against defendant Kansas City, Kansas USD No. 500 ("USD 500"), states and alleges as follows:

1.    Plaintiff Sandin is an individual and resident of Kansas City, Kansas.

2.    Defendant USD 500 is a public-school district, authorized to do business in Kansas.

3.    Jurisdiction and venue are properly placed inasmuch as all transactions and occurrences relevant to plaintiff's cause of action occurred in this judicial district.

4.    This court possesses subject matter jurisdiction inasmuch as plaintiff's principal claims arise out of federal law, to wit 42 U.S.C. 12101 et seq., the Americans with Disabilities Act ("ADA"), which grants this court jurisdiction over the proceedings.

1

## FACTUAL BACKGROUND

5.     Plaintiff incorporates each of the foregoing allegations, and further states as follows.

6.     Plaintiff, an individual with one or more disabling conditions under the ADA, served as a Special Education teacher within the district encompassed by USD 500.

7.     Plaintiff's job performance was exceptional in her capacity as a Special Education teacher, and no worse than similarly situated co-workers.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. 12101 et seq.

8.     Plaintiff incorporates each of the foregoing allegations, and further states as follows.

9.     Plaintiff possesses one or more disabling conditions, including Type II diabetes, for which she required medication; her diabetic condition impairs one or more of her major life activities, facts known to defendant USD 500.

10.     Plaintiff's supervision was previously made aware by plaintiff of her disabling condition and requests for reasonable accommodation to handle and/or deal with the occasional side-effects and/or symptoms of the same.

11.     Plaintiff was actively discriminated against and victimized by defendant, including her Principal Geoffrey D. Markos, due to her disabling condition.

12.     On or about October 2, 2019 plaintiff was notified that she should attend a meeting to discuss her termination from employment by defendant.

13.     On October 2, 2019 plaintiff attended the above-referenced meeting and was notified formally of the decision that she be terminated by defendant. After being notified of her termination from employment, Ms. Sandin opted to submit for retirement as was her right

as a vested retirement-eligible employee under the defendant's retirement policies together with those of the Kansas Public Employees Retirement System.

14.     Plaintiff's mistreatment during the course of her employment and at the time of her involuntary discharge was a direct result of her disabling condition, and as such constituted one or more actions taken in violation of the ADA.

15.     Defendant's actions constitute unlawful disability discrimination against her.

16.     Plaintiff has suffered damage as a direct result of the foregoing.

17.     In light of the foregoing, plaintiff's course of unlawful treatment by defendant gives rise to her claim for damages as a result of her unlawful treatment in violation of her right to be free from disability discrimination in employment, as provided by the ADA.

18.     Plaintiff is entitled to a judgment in her favor, and against defendant, for her actual damages arising from defendant's violation of her right to be free from disability discrimination, and plaintiff has been so damaged in an amount exceeding $75,000.00.

19.     Plaintiff is further entitled to an award of compensatory damages arising from her unlawful course of treatment by defendant, and said damages are in an amount exceeding $75,000.00.

20.     Plaintiff is further entitled to the award of her attorney's fees and costs, statutory interest, together with such other and further relief as the Court deems proper.

WHEREFORE, plaintiff Sandin prays for judgment against defendant USD 500 in an amount exceeding $75,000.00 as and for her actual damages, for judgment against defendant USD 500 in an amount exceeding $75,000.00 as and for her compensatory damages, and further for her attorney's fees and costs, statutory interest, together with such further relief as the Court deems

proper.

## COUNT II: RETALIATION IN VIOLATION OF THE ADA

21.     Plaintiff incorporates each of the foregoing allegations, and further states as follows.

22.     Plaintiff possesses one or more disabling conditions, including Type II diabetes, for which she required medication; her diabetic condition impairs one or more of her major life activities, facts known to defendant USD 500.

23.     Plaintiff's supervision were previously made aware by plaintiff of her disabling condition and requests for reasonable accommodation to handle and/or deal with the occasional side-effects and/or symptoms of the same.

24.     Plaintiff was actively discriminated against and victimized by defendant, including her Principal Geoffrey D. Markos, due to her disabling condition.

25.     On or about October 2, 2019 plaintiff was notified that she should attend a meeting to discuss her termination from employment by defendant.

26.     On October 2, 2019 plaintiff attended the above-referenced meeting and was notified formally of the decision that she be terminated by defendant. After being notified of her termination from employment, Ms. Sandin opted to submit for retirement as was her right as a vested retirement-eligible employee under the defendant's retirement policies together with those of the Kansas Public Employees Retirement System.

27.     Plaintiff's mistreatment during the course of her employment and at the time of her involuntary discharge were actions taken against her in retaliation for her disabling condition, and as such constituted one or more retaliatory actions taken in violation of the

ADA.

28.  Defendant's actions constitute unlawful disability-based retaliation against her.

29.  Plaintiff has suffered damage as a direct result of the foregoing.

30.  In light of the foregoing, plaintiff's course of unlawful treatment by defendant gives rise to her claim for damages as a result of her unlawful treatment in violation of her right to be free from disability discrimination in employment, as provided by the ADA.

31.  Plaintiff is entitled to a judgment in her favor, and against defendant, for her actual damages arising from defendant's violation of her right to be free from disability-based retaliation, and plaintiff has been so damaged in an amount exceeding $75,000.00.

32.  Plaintiff is further entitled to an award of compensatory damages arising from her unlawful course of treatment by defendant, and said damages are in an amount exceeding $75,000.00.

33.  Plaintiff is further entitled to the award of her attorney's fees and costs, statutory interest, together with such other and further relief as the Court deems proper.

WHEREFORE, plaintiff Sandin prays for judgment against defendant USD 500 in an amount exceeding $75,000.00 as and for her actual damages, for judgment against defendant USD 500 in an amount exceeding $75,000.00 as and for her compensatory damages, and further for her attorney's fees and costs, statutory interest, together with such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury as to all issues so triable.


Respectfully Submitted,

LAW OFFICES OF ALBERT F. KUHL


/s/ Albert F. Kuhl
Albert F. Kuhl  #12478
15700 College Blvd., Suite 102
Lenexa, Kansas 66219
Tel.: 913.438.2760
Fax:  913.327.8492
Email: Al@KCjoblawyer.com
ATTORNEY FOR PLAINTIFF