IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHARON SANDIN,<br><br>  Plaintiff,<br><br>  v.<br><br>UNIFIED SCHOOL DISTRICT NO. 500, WYANDOTTE COUNTY, KANSAS,<br><br>  Defendant. | Case No. 20-2616-JAR-KGG |

**MEMORANDUM AND ORDER**

Plaintiff Sharon Sandin brings this action against her former employer, Defendant Unified School District No. 500, Wyandotte County, Kansas ("USD 500") for disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Now before the Court is USD 500's partial Motion to Dismiss (Doc. 6), in which it seeks dismissal of Plaintiff's retaliation claim. For the reasons set forth below, USD 500's motion is granted, but Plaintiff shall have until February 22, 2021 to file an amended complaint as to Count II.

**I. Background and Procedural History**

The following facts are taken as true from Plaintiff's Complaint. USD 500 is a public school district in Wyandotte County, Kansas. Plaintiff, a resident of Kansas City, Kansas, has one or more disabling conditions under the ADA, including Type II diabetes, which impair her major life functions and for which she requires medication.

Plaintiff worked as a special education teacher for USD 500, and her job performance in that capacity was exceptional. Plaintiff's supervisors were aware of her disabling condition and her requests for reasonable accommodations to cope with its symptoms and effects. On or about

October 2, 2019, Plaintiff was notified that she should attend a meeting to discuss the termination of her employment. At that meeting, Plaintiff was formally notified that USD 500 was ending her employment. After being informed of her termination, Plaintiff exercised her right as a vested, retirement-eligible employee to submit for retirement under USD 500's retirement policies and those of the Kansas Public Employees Retirement System.

Plaintiff filed her Petition for Damages in the District Court of Wyandotte County, Kansas on September 19, 2020. Plaintiff brings two claims against USD 500: (1) disability discrimination in violation of the ADA (Count I); and (2) retaliation in violation of the ADA (Count II). Plaintiff seeks the same relief in both counts: "actual" damages in excess of $75,000, "compensatory" damages in excess of $75,000, attorneys' fees and costs, and statutory interest on judgment. Plaintiff also requests a jury trial on both claims.

USD 500 removed this action to this Court on December 8, 2020 and, on December 22, filed its motion to dismiss Plaintiff's ADA retaliation claim. USD 500 argues that as a matter of law, Plaintiff cannot obtain the damages she seeks on Count II and, in the absence of a viable damages claim, is not entitled to attorneys' fees and costs or interest. USD 500 also argues that Plaintiff is not entitled to a jury trial on her retaliation claim.

**II.     Legal Standard**

USD 500's memorandum in support of its motion to dismiss is somewhat internally inconsistent regarding the relief it seeks. While USD 500 styles its motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and in some instances requests the *complete* dismissal of Count II, it elsewhere requests that the Court "enter judgment on the pleadings" in its favor "*to the extent that* Plaintiff is seeking compensatory damages, punitive damages, or a jury trial on

her ADA retaliation claim."[1]  In any event, the Court reviews a motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) under the same standard that governs Rule 12(b)(6) motions.[2]

To survive a motion to dismiss brought under Rule 12(b)(6), the claim must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level" and must include "enough facts to state a claim for relief that is plausible on its face."[3]  In other words, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[5]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[6]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all of the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[8]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of

---

[1] Doc. 7 at 3 (emphasis added).

[2] *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (citing *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000)); *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) (citing *McHenry v. Utah Valley Hosp.*, 927 F.2d 1125, 1126 (10th Cir. 1991)).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[4] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[8] *Id.* (quoting *Twombly*, 550 U.S. at 555).

truth, or merely legal conclusions that are not entitled to an assumption of truth.[9]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

### III. Discussion

USD 500 argues that the Court should dismiss or grant judgment in its favor on Count II because Plaintiff seeks compensatory damages, despite the ADA not allowing such damages on a retaliation claim.  USD 500 also argues that because compensatory (and punitive) damages are not available, Plaintiff cannot recover attorneys' fees and costs or interest, and has no right to a jury trial on this claim.

Since Judge VanBebber determined in *Boe v. AlliedSignal Inc.* that compensatory and punitive damages are not available for ADA retaliation claims,[12] judges in this district have uniformly agreed with that conclusion, including the undersigned.[13]  The circuits that have addressed this issue to date, which do not include the Tenth Circuit, have reached the same

---

[9] *Id.* at 679.

[10] *Id.*

[11] *Id.* at 678.

[12] 131 F. Supp. 2d 1197, 1202−03 (D. Kan. 2001).  In *Boe*, "Judge VanBebber analyzed this issue at length by examining the four subchapters of the ADA to determine that [42 U.S.C.] § 12117 adopts the remedies in Title VII of the Civil Rights Act of 1964.  After careful review of the Civil Rights Act of 1964 and 1991, Judge VanBebber determined that the statutory language provided compensatory and punitive damages for ADA discrimination claims but not for ADA retaliation claims." *Madrigal v. Unified Sch. Dist. No. 512*, No. 19-2472-JWL, 2020 WL 1547828, at *2 (D. Kan. Apr. 1, 2020) (citing *Boe*, 131 F. Supp. 2d at 1203).

[13] *See Madrigal*, 2020 WL 1547828, at *2−3*; *Lawson v. Kan. City, Kan. Pub. Schs.*, No. 19-02344-JAR-JPO, 2020 WL 1528527, at *10 (D. Kan. Mar. 31, 2020); *Watson v. U.S.D. No. 500*, No. 19-1044-EFM-JPO, 2020 WL 1028209, at *4 (D. Kan. Mar. 3, 2020); *Crumpley v. Associated Wholesale Grocers*, No. 16-2298-DDC, 2018 WL 1933743, at *52 (D. Kan. Apr. 24, 2018); *Umholtz v. Kan. Dep't of Soc. & Rehab. Servs.*, 926 F. Supp. 2d 1222, 1230−31 (D. Kan. 2013), *aff'd sub nom Levy v. Kan. Dep't of Soc. & Rehab Servs.*, 789 F.3d 1164 (10th Cir. 2015); *Simpson v. Hospira, Inc.*, No. 08-1220-MLB, 2009 WL 10706747, at *1−3 (D. Kan. Nov. 4, 2009); *Sink v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 1085, 1100−01 (D. Kan. 2001).

result.[14]  Thus, "[o]nly equitable relief is available for an ADA retaliation claim, and a plaintiff is 'not entitled to compensatory or punitive damages.'"[15]  Nor is Plaintiff entitled to a jury trial on her ADA retaliation claim.  "Pursuant to 42 U.S.C. § 1981a(c), any party may demand a jury trial if the complaining party seeks compensatory or punitive damages."[16]  However, "[a]bsent entitlement to compensatory and punitive damages, [a] [p]laintiff is not entitled to a jury trial for [a] retaliation claim under the ADA."[17]

Plaintiff argues that even if the Court finds that she cannot recover compensatory damages on Count II, the Court should not entirely dismiss her ADA retaliation claim because she also seeks equitable relief in the form of reinstatement and backpay.  While the words "reinstatement" and "backpay" do not appear in Plaintiff's Petition, she contends that her request for equitable relief is reflected in her allegation that she is entitled to "actual" damages in addition to "compensatory" damages.  However, it is not clear from this language that Plaintiff intended to allege two different categories of damages, as "actual" and "compensatory" damages are generally considered synonymous.[18]  And USD 500 asserts that Plaintiff's argument that she

---

[14] *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1264−70 (9th Cir. 2009); *Kramer v. Banc of Am. Secs., LLC*, 355 F.3d 961, 964−66 (7th Cir. 2004); *Bowles v. Caroline Cargo, Inc.*, 100 F. App'x 889, 890 (4th Cir. 2004). In *EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1246 (10th Cir. 1999), the Tenth Circuit affirmed a jury's award of compensatory and punitive damages on an ADA retaliation claim, but there is no indication that the court was asked to decide the availability of damages or a jury trial for that claim.  Since *Boe*, decided two years later, the judges of this District have found *EEOC* no impediment to finding that compensatory and punitive damages are not available on an ADA retaliation claim as set forth above in footnote 13.

[15] *Watson*, 2020 WL 1028209, at *4 (quoting *Crumpley*, 2018 WL 1933743, at *52).

[16] *Id*.

[17] *Id*. (third and fourth alterations in original) (first quoting *Boe*, 131 F. Supp. 2d at 1203; and then citing *Simpson*, 2009 WL 10706747, at *3).

[18] *See, e.g.*, *Gipson v. Am. Fam. Life Assurance Co. of Columbus*, No. 18-00561-JDK-JDL, 2019 WL 6588052, at *3 (E.D. Tex. Nov. 6, 2019) ("'[A]ctual' and 'compensatory' damages refer to the same measure of damages . . . .") (citing *Birdsall v. Coolidge*, 93 U.S. 64 (1876))).

seeks reinstatement is belied by the fact that she chose to retire, and that she is now attempting to rely on unpled relief to avoid dismissal.

Plaintiff's ADA retaliation claim, as pleaded, is dismissed for failure to state a claim upon which relief can be granted. However, the Court is not prepared to entirely foreclose relief under a retaliation theory due to a potential pleading error. The Court therefore grants Plaintiff until February 22, 2021 to file an amended complaint seeking relief permitted by law for Count II if she so chooses.

**IT IS THEREFORE ORDERED BY THE COURT** that USD 500's partial Motion to Dismiss (Doc. 6) is **granted**, and Plaintiff shall have until **February 22, 2021** to file an amended complaint as to Count II.

**IT IS SO ORDERED.**

Dated: February 8, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
